## Scripture Union v. Deitch

*Benjamin S. Ohrenstein,* for plaintiff.

*Joseph R. Young,* for defendant Upper Darby School District.

REED, JR., *J.,* July 16, 1986—This case initially came before the court on the appeal of Scripture Union from the real estate tax assessment rendered against it by the Delaware County Board of Assessment Appeals.

After a hearing on this issue, we denied Scripture Union's appeal on February 26, 1986, but granted reconsideration on March 26, 1986. This opinion is dispositive of the issues before the court.

The pivotal issue for our consideration centers upon whether or not Scripture Union is a "purely public charity" and as such would qualify for an exempt status from payment of real estate taxes on its property located at 7000 Ludlow Street, Upper Darby Township, Delaware County, Pa.

Scripture Union is part of an international network formed over 100 years ago in England which provides publications of Bible-reading programs to churches and individuals throughout the country.

Testimony was presented by the president of Scripture Union which indicated that they worked with approximately 20 churches in 1985; sent publications to approximately 700 churches around the country and have 10,000 to 12,000 individual members (subscribers) who receive their literature.

Scripture Union is not associated or affiliated with any organized religion nor does it conduct worship services or religious training on its property. Its function is as a "nonprofit religious and educational organization that seeks to augment the work of var-

ious christian churches by providing special services to Christian people."

In this factual context the question is whether Scripture Union is a purely public charity, so founded and maintained for sufficient degree by public or private charity so as to entitle it to *tax exemption under Article 9 section 1, of the Pennsylvania Constitution, and Article II*, section 202 of the act of May 21, 1943, P.L. 571, 72 P.S. §5453.202.

The pertinent sections of the act of 1943, supra, provides as follows:

"The following property shall be exempt from all county, city, borough, town, township, road, poor and school tax, to wit;

"(3) all hospitals, universities, colleges, seminars, academies, associations, and institutions of learning, benevolence, or charity, including fire and rescue stations, with the grounds thereto annexed and necessary for the occupancy and enjoyment of the same, founded, endowed, and maintained by public or private charity; provided, that the entire revenue derived by the same be applied to the support and to increase the efficiency and facilities thereof, the repair and the necessary increase of grounds and buildings thereof, and for no other purpose."

As set forth in *Appeal of Woods School*, 406 Pa. 579, 178 A.2d 600, 602 (1962) Scripture Union must affirmatively show that:

". . . [T]he entire institution (1) is one of 'purely public charity'; (2) was founded by public or private charity; (3) is maintained by public or private charity."

The record here fails to establish that Scripture Union meets any, let alone all three of the criteria. Not only is it not a purely public charity, but it is neither founded nor maintained by a public or pri-

vate charity.

This is an organization with revenue for the year ending March 31, 1985 in excess of $890,000, nine full-time and two part-time employees, a president who receives $43,000 per year in salary, and little if any probative evidence that it provides any charity. What charity it does perform is an insignificant percentage of the total operation.

*Y.M.C.A. of Germantown v. Philadelphia,* 323 Pa. 401, 187 Atl. 204, 210 (1936) controls and the reasoning of the Pennsylvania Supreme Court applies:

"Taxes are not penalties, but are contributions which all inhabitants are expected to make (and may be compelled to make) for the support of the manifold activities of government. Every inhabitant and every parcel of property receives governmental protection. Such protection costs money. When an inhabitant fails to contribute his share of the cost of this protection, some other inhabitant must contribute more than his fair share of that cost. There are substantial reasons why an institution wholly devoted to public charity would be exempt from taxation, . . . Any institution which by its charitable activities relieves the government of part of this burden is conferring a pecuniary benefit upon the body politic, and in receiving exemption from taxation it is merely being given a 'quid pro quo' for its services in providing something which otherwise the government would have to provide . . . The measure of an institution's gratuitous aide to those requiring it is the measure by which the government is relieved of its responsibilities. It is therefore just that an institution which assumes pro tanto the taxpayer's burden should be relieved of its own tax burden."

For those reasons, and those of our original order, we now hold that Scripture Union fails to meet the criteria established for a "purely public charity" and

as such our order of February 26, 1986, is appropriate and accordingly we here reaffirm it.

## ORDER

And now, this July 16, 1986, it is hereby ordered and decreed that the order of this court dated February 26, 1986, is affirmed and that the petition for reconsideration filed by Scripture Union is denied.